# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**ROBERT MONROE,**

  **Plaintiff,**

 **v.**                                                  Case No.    21-C-329

**MARINE CREDIT UNION,**

  **Defendant.**

## ORDER

The parties have filed a joint motion for approval of the settlement reached between them in this Fair Labor Standards Act case. They have also filed a joint motion for certification of a collective action and an unopposed motion for approval of a service award to the named plaintiff. The motions will be granted.

The settlement reached by the parties appears reasonable and was reached as the product of arms' length negotiations. The collective members will receive their entire past-due wages plus liquidated damages. The settlement provides this equitable result without requiring the parties to undertake expensive and time-consuming discovery and continued litigation. The small service award is also reasonable given the relatively limited amount at stake. Finally, it has been agreed that counsel's proposed fee award is reasonable, and the court finds no reason to disturb that conclusion. The settlement will therefore be approved, and the collective action will be certified. The three pending motions (ECF No. 19, 20 and 23) are therefore **GRANTED**, as follows:

1. The court certifies, for the purposes of settlement, this action as a collective action of the following individuals pursuant to the Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. § 216(b): The six (6) hourly-paid, non-exempt Mortgage Loan Representatives employed by Defendant within the two (2) years immediately preceding the filing of the Complaint (ECF No. 1) who recorded a meal period and/or rest break of short duration of less than thirty (30) consecutive minutes in Defendant's electronic timekeeping system and who filed their Consent to Join Forms with the Court (ECF No 17).

2. The court appoints named plaintiff, Robert Monroe, as Collective Representative for the FLSA Collective;

3. The court appoints Walcheske & Luzi, LLC, as Collective Counsel for the FLSA Collective;

4. The court approves the parties' Settlement Agreement as a fair and reasonable resolution of a bona fide wage dispute under the FLSA;

5. The court instructs Defendant's counsel to provide Plaintiff's counsel with settlement checks for the Settlement Class within fourteen (14) calendar days of this Order;

6. The court instructs Collective Counsel to promptly send the settlement checks to the FLSA Collective members via U.S. Mail following receipt of the settlement checks from Defendant's counsel;

7. The court instructs that the FLSA Collective Members have one-hundred and twenty (120) days to cash their individual settlement checks, otherwise the individual settlement checks and amounts will revert to and be retained by Defendant;

8. The court grants Named Plaintiff's unopposed request for approval of his individual service award, in the amount of $500.00, which the parties have stipulated and agreed is reasonable; and

9. The court dismisses with prejudice the FLSA Collective members' released FLSA and WWPCL claims.

**SO ORDERED** this 19th of December, 2022.

STEPHEN C. DRIES
United States Magistrate Judge